**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SALVADOR TRUJILLOS SILVA,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | Nos. 14-71709<br>14-73399<br><br>Agency No. A074-797-189<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 7, 2017
Pasadena, California

Before: BERZON and WATFORD, Circuit Judges, and PAYNE,** District Judge.

**1.** We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review the Board

of Immigration Appeals' (BIA) decisions because the immigration judge (IJ)

denied relief to Salvador Silva on the merits, rather than on the basis of his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Robert E. Payne, United States District Judge for the Eastern District of Virginia, sitting by designation.

conviction for a crime involving moral turpitude. *See Agonafer v. Sessions*, 859 F.3d 1198, 1202 (9th Cir. 2017).

**2.** The IJ and BIA correctly determined that Silva is statutorily ineligible for an adjustment of status under 8 U.S.C. § 1255(a) because he is removable under § 1182(a)(6)(A)(i). The parties do not dispute that the "clearly and beyond doubt" standard in § 1229a(c)(2) and 8 C.F.R. § 1240.8(c) applies in proceedings concerning an alien's removability. Under our circuit precedent, the same standard, rather than the preponderance of the evidence standard in 8 C.F.R. § 1240.8(d), also applies in adjustment of status proceedings. *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1074 & n.1 (9th Cir. 2013); *Valadez-Munoz v. Holder*, 623 F.3d 1304, 1308 (9th Cir. 2010). Because Silva did not rebut the charge of removability by proving clearly and beyond doubt that he was admitted to the United States, he necessarily failed to prove that he was eligible for an adjustment of status under § 1255(a).

**3.** Substantial evidence supports the IJ's and BIA's determination that Silva's claims for asylum, withholding of removal, and relief under the Convention Against Torture (CAT) fail. Silva filed his asylum request at least 12 years late. *See* 8 U.S.C. § 1158(a)(2)(B). The changed circumstances that he alleged do not excuse the late filing because they show only a general increase in violence in

Mexico, not a particular link between the violence and him. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016). Silva's asylum claim fails on the merits as well because the group of "imputed wealthy Americans" that Silva claims to be part of is not a "particular social group" for asylum purposes. *See id.* Because "imputed wealthy Americans" is not a "particular social group," Silva's withholding claim also fails. *See* 8 C.F.R. § 1208.16(b)(2). Silva also did not show that it was more likely than not he would be tortured in Mexico, so his CAT claim fails too. *See Ramirez-Munoz*, 816 F.3d at 1230.

**4.** The BIA abused its discretion by denying Silva's motion to reopen. Silva moved to reopen so that he could pursue an I-601A provisional waiver of inadmissibility pursuant to 8 C.F.R. § 212.7. With respect to Silva, the waiver is available only if the agency has administratively closed his removal proceedings. § 212.7(e)(4)(v). Yet the BIA denied the motion without mentioning the I-601A waiver issue. Because the BIA did not provide "specific and cogent reasons" for its denial of the motion to reopen, it abused its discretion. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). Silva's failure to attach the I-601A application to his motion did not bar the BIA's consideration of his motion because Silva sought only administrative closure from the BIA.

**PETITION DENIED in No. 14-71709; PETITION GRANTED in No.**

**14-73399.**